[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REFEREE'S REPORT
ISSUE
Whether the report of the trial referee should be accepted by the court or rejected because the conclusions of the Attorney Trial Referee were contrary to law.
The conclusions of the Trial Referee are not contrary to law. The conclusions of the Referee flow logically from the factual finding of the Referee that the plaintiff John Harlach did not make a knowing and intelligent waiver of his statutory right to underinsured motorist coverage equal to his liability limits. Waiver is a factual question and the parties may not challenge the factual finding of the Trial Referee, therefore the objection must be overruled, and judgment may enter from that action pursuant to Conn. Practice Bk. Sec. 443.
FACTS
The plaintiffs in this action are Louise and John Harlach, who were policyholders of a contract of insurance on their automobiles with the defendant Metropolitan Property and Liability Insurance Company ("Metropolitan"). By their complaint filed July 9, 1989, the plaintiffs sought a declaratory judgment that the defendant was obligated to the plaintiffs up to a total of $300,000.00 in underinsured motorist coverage ("UM coverage"), due to injuries suffered by Louise Harlach in an accident caused by an underinsured motorist.
The plaintiffs had a policy with a liability limit of $300,000.00. When Connecticut Public Act 83-461 was enacted by the General Assembly, it required all auto liability policies to include UM coverage commensurate with the policy's liability limits unless the policy holder requested lower limits in writing. By an affidavit from one of its employees, the insurer states that a form was sent by it to John Harlach in 1984 notifying him of the statutorily mandated UM coverage. The form was returned by the insured, duly signed, and provided that lower-than-maximum coverage was desired. The form, referred to by the affiant as a "computer-generated notice" (Affidavit of Joseph McDonald, March 28, 1989, p. 2), was characterized by the Trial Referee as a "waiver form" (Report of Trial Referee January 8, 1991, pp. 9-10). The defendant has objected to this characterization by Motion to Correct (September 28, 1990) which was denied. The position of the defendant remains that the form amounted to a "request" (Defendant's, Reply Memorandum #133, September 28, 1990) by Harlach, the insured, to Metropolitan, and did not constitute a waiver. CT Page 4626
The effect of the form as returned by Harlach was to cause the insurer to lower the insured's UM coverage from a $300,000.00 limit to a $20,000.00 limit. After an accident in 1986, Louise Harlach received for her injuries an award of $20,000.00 from the insurer for the tortfeasor, representing his policy limit. Thereafter the plaintiffs made a claim against the defendant and learned of the lowering of the UM coverage based upon the "waiver form". The plaintiff, John Harlach, has maintained in deposition and trial testimony that he never intended to reduce coverage applicable to himself or his family, and that the form returned to Metropolitan, whether waiver or request, was made in ignorance of its, effect. The case was tried to Attorney Trial Referee Martin Rutchik on August 9, 1990, and the Referee filed his report January 8, 1991. The defendant filed a Motion to Correct (January 17, 1991) which was granted in part and denied in part by the Referee. The plaintiffs have now moved for judgment on the report (January 18, 1991), and the defendant has objected to the acceptance of the report (February 25, 1991).
DISCUSSION
The motion before the court is made pursuant to Connecticut Practice Bk. Sec. 439 and 440 (rev'd to 1978, as updated to October 1, 1990), which read:
 Sec. 439. Exceptions to Report or Finding If a committee fails to correct a report or finding in compliance with a motion to correct, the moving party may, within ten days after the decision on the motion to correct, file exceptions seeking corrections by the court in the report or finding. The court will not consider an exception unless its subject matter has, been submitted to the committee in a motion to correct, provided that this, requirement shall not apply to exceptions taken to corrections in the report or finding made after it was filed: nor will the court correct a finding of fact unless a material fact has been found without evidence or the committee has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear. A party excepting on these grounds must file with his exceptions a transcript of the evidence taken before the committee, except such portions as the parties may stipulate to omit. CT Page 4627
 Sec. 440. Objections to Acceptance of Report A party may file objections to the acceptance of a report on the ground that conclusions of facts, stated in it were not properly reached on the basis of the subordinate facts found, or that the committee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted.
The current motion embraces both exceptions and objections to acceptance as above described. The defendant's exceptions relate to various items in its motion to correct which were denied by the Referee. The defendant has objected to the report because the Referee found that the plaintiff John Harlach did not knowingly waive the requirement that statutorily-mandated UM coverage be equal to his liability coverage. If the waiver was not knowing and intelligent, the case law requires that the waiver be held ineffective, and the higher policy limit obtains. Travelers Indemnity Co. v. Malec,215 Conn. 399, 403 (1990). The defendant's argument is that the form did not use the term "waiver" and was in fact and legal effect not a waiver but an affirmative request directed from the plaintiff to the defendant. The defendant argues that it is the right of the insured to elect the lower policy limits. Then the defendant argues, by electing such lower limits, the insured is actively exercising rather than passively waiving his, right.
Waiver is the intentional relinquishment of a known right. Multiplastics, Inc. v. Arch Industries, Inc.,166 Conn. 280, 286 (1974). The existence of a waiver is a question of fact for the trier. Id. It is clear from the Trial Referee's Report (at p. 15) that the Referee found credible John Harlach's testimony that he knew what UM coverage was, but not what it was called. He believed the coverage known as UM coverage was included under the title "Liability" in his policy. The Referee believed that John Harlach, in returning the form at issue, was under a misapprehension as to its effect. Therefore, since Harlach knew he had the right to the coverage, but not that he was relinquishing it, there was no waiver, and no affirmative exercise of a right. This was the factual finding of the Referee.
The defendant argues in its reply memorandum that "the right of an insured under Connecticut General Statute Sec. 38-175c is to have UM coverage in the amount that he asks for . . . ." The case law, particularly the cases of Travelers Indemnity Company v. Edward J. Malec, Administrator, 215 Conn. 399, 403
(1990), and Nicoletta v. Nationwide Insurance Co., 211 Conn. 640, CT Page 4628 647 (1989), require a finding that the statute codifying Connecticut Public Act 83-461, presently Connecticut General Statute Sec. 38a-336 (formerly Sec. 38-175c) creates in an insured a right to have the maximum UM coverage which must be knowingly waived by written request. See, e.g., the legislative history quoted in Nicoletta v. Nationwide Insurance Co.,211 Conn. at 647 ("The insured would have an opportunity to waive in writing the additional uninsured motorist coverage.") (Emphasis added.) The Trial Referee could reasonably conclude that the computer-generated form, notifying the insured that higher premiums were certain unless the right were waived, should properly have defined the right in question. The failure to do so could be reasonably viewed as vitiating any claim that the form as returned represented an affirmative "request" by the insured.
Inasmuch as the waiver question is a factual one, it is not subject to review by this court.
Accordingly, the objection to the report is overruled and judgment may enter in accordance with the Trial Referee's Report.
HURLEY, J.